UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONALD E. PERRIGO, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-2536-CM |
| | ) |
| MIDAMERICA REHABILITATION HOSPITAL, | ) ) |
| | ) |
| Defendant. | ) |

# **ORDER**

Plaintiff, proceeding pro se, brings this personal injury case against defendant.[1] He has moved to proceed with this action *in forma pauperis* (ECF No. 3) and has requested appointment of counsel (ECF No. 4). As discussed below, the motion to proceed *in forma pauperis* is denied. The court also denies plaintiff's motion for appointment of counsel. Plaintiff is ordered to show cause by **September 23, 2019**, why this case should not be dismissed for lack of subject-matter jurisdiction.

Motion to Proceed In Forma Pauperis

Upon filing this action, plaintiff moved to proceed *in forma pauperis*. Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits

---

[1] ECF No. 1.

1

an affidavit [asserting] . . . the person is unable to pay such fees or give security therefor."[2] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees.[3] "One need not be 'absolutely destitute' to proceed [*in forma pauperis*], but [*in forma pauperis*] need not be granted where one can pay or give security for the costs 'and still be able to provide himself and dependents with the necessities of life.'"[4] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right─fundamental or otherwise.'"[5] The decision to grant or deny *in-forma-pauperis* status under § 1915 lies within the "wide discretion" of the trial court.[6]

Plaintiff's affidavit of financial status indicates that his monthly expenses, which total approximately $3,600, do not exceed his monthly income, which totals approximately $4,900. Plaintiff's spouse is employed and earns a net income of approximately $1,600 a month.[7] Plaintiff receives $1,900 monthly in Social Security benefits and $1,425 monthly in Kansas Public Employees Retirement System (KPERS) benefits.[8] He reports owning a

---

[2] 28 U.S.C. § 1915(a)(1).

[3] *United States v Garcia*, 164 Fed. App'x 785, 786 n.1 (10th Cir. 2006).

[4] *Lewis v. Center Market*, 378 F. App'x 780, 785 (10th Cir. 2010) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

[5] *Green v. Suthers*, No. 99-1447, 208 F.3d 226 (table), 2000 WL 309268, at *2 (10th Cir. Mar. 27, 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[6] *Id.*

[7] *Id.*

[8] *Id.*

2

house and three vehicles.⁹ Based on this information, the undersigned concludes that plaintiff has sufficient financial resources to pay the court's filing fees.

Plaintiff is therefore ordered to pay the filing fees in full by **September 23, 2019**. If he fails to pay the fee in full by this deadline, the undersigned will issue a report and recommendation to the presiding U.S. District Judge, Carlos Murguia, recommending that the case be dismissed without prejudice for lack of prosecution.

Appointment of Counsel

In civil actions such as this one, there is no constitutional right to appointed counsel.¹⁰ However, "under 28 U.S.C. § 1915(e)(1), a district court has discretion to request counsel to represent an indigent party in a civil case."¹¹ The decision to appoint counsel lies solely in the court's discretion, which should be based on a determination that the circumstances are such that a denial of counsel would be fundamentally unfair.¹² "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal

---

⁹ *Id.*

¹⁰ *Swafford v. Asture*, No. 12-1417-SAC, 2012 WL 5512038, at *1 (D. Kan. Nov. 14, 2012) (citing *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995) and *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989)).

¹¹ *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x. 707, 712 (10th Cir. 2008) (upholding denial of defendant's motions for counsel).

¹² *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991).

issues raised by the claims."[13]  The court also considers the efforts made by the litigant to retain his own counsel.[14]

The court does not find it appropriate to appoint counsel for plaintiff.  Plaintiff's motion lists four attorneys with whom he has attempted to confer, although the court requires him to confer with at least five attorneys regarding legal representation.[15]  While it appears from plaintiff's motion that he has been somewhat diligent in his efforts to find an attorney to represent him, other factors weigh against appointing counsel. The factual and legal issues in this case are not extraordinarily complex.  The papers prepared and filed by plaintiff indicate he is capable of presenting this case without the aid of counsel, particularly given the liberal standards governing pro se litigants.  The court has no doubt that the district judge assigned to this case will have little trouble discerning the applicable law.  It does not appear that this case presents any atypical or complex legal issues.  Finally, based on the limited factual allegations and claims presented in the complaint, the court is unable to determine whether plaintiff's claims are particularly meritorious.  In the end, the court concludes that this is not a case in which justice requires the appointment of counsel. If plaintiff devotes sufficient efforts to presenting his case, the court is certain that he can

---

[13] *Id.*

[14] *Lister v. City of Wichita, Kan.*, 666 F. App'x 709, 713 (10th Cir. 2016) (quoting *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992)); *Tilmon v. Polo Ralph Lauren Factory Store*, No. 17-2383-JAR, 2017 WL 3503678, at *1 (D. Kan. July 6, 2017).

[15] ECF No. 4.

do so adequately without the aid of counsel. Plaintiff's request for appointment of counsel is therefore denied.

Screening Under 28 U.S.C. § 1915(e)(2)

When a party is given leave to proceed *in forma pauperis*, § 1915(e)(2) requires the court to screen the party's complaint to see if it states a claim upon which the court can grant relief. The screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike.[16]

In screening plaintiff's complaint, the undersigned U.S. Magistrate Judge, James P. O'Hara, finds it does not clearly establish this court's subject-matter jurisdiction. The nature of plaintiff's claims indicate plaintiff is attempting to proceed in this court under the diversity jurisdiction granted by 28 U.S.C. § 1332. As applicable here, § 1332 grants the court jurisdiction in civil actions "between citizens of different states." Plaintiff alleges he is a citizen of Kansas and that defendant is a citizen of Kansas,[17] though defendant has not yet been served.[18] If defendant is also a citizen of Kansas, the court does not have

---

[16] ECF No. 1.

[17] *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[18] The citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where it's incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). And if the business is an unincorporated association (such as a limited liability company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

jurisdiction to hear this case. Plaintiff also checks the box asserting jurisdiction under 28 U.S.C. § 1343, indicating that there is a civil-rights violation that grants this court jurisdiction.[19] But other than checking that box, plaintiff makes no mention of civil rights in his complaint. Without alleging facts linking the events in plaintiff's claim to a protected civil right, plaintiff has not raised a right to relief above the speculative level.

Therefore, by **September 23, 2019**, plaintiff must show cause in writing to the presiding U.S. District Judge, Carlos Murguia, why this case should not be dismissed for lack of subject-matter jurisdiction. If plaintiff does not make a timely showing of jurisdiction, the undersigned recommends the case be dismissed. Upon dismissal from federal court, plaintiff could still re-file the case in Kansas state court.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting that the presiding U.S. district judge review this order. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

IT IS SO ORDERED.

September 9, 2019, at Kansas City, Kansas.

          s/ James P. O'Hara
          James P. O'Hara
          U. S. Magistrate Judge

---

[19] ECF No. 1.