# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DONALD E. PERRIGO, JR., )
)
        Plaintiff, )
)
v. )
) Case No. 19-02536-CM-JPO
MIDAMERICA REHABILITATION )
HOSPITAL, )
)
        Defendant. )
)

## MEMORANDUM AND ORDER

This matter is before the court on pro se plaintiff Donald E. Perrigo, Jr.'s Motion for Review. (Doc. 7.) Plaintiff objects to the magistrate judge's order (Doc. 5), which denied leave to proceed in forma pauperis, denied appointment of counsel, and ordered plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction.

### I.    FACTUAL BACKGROUND

Plaintiff filed the above-captioned action through the court's civil complaint form on September 5, 2019, alleging medical negligence and abuse against defendant MidAmerica Rehabilitation Hospital. (Doc. 1.) Upon filing, plaintiff moved both to proceed in forma pauperis (Doc. 3) and for appointment of counsel (Doc. 4). On September 9, 2019, the magistrate judge denied both requests, finding that plaintiff had sufficient resources to pay the court's filing fees and could sufficiently present his case without the aid of counsel. (Doc. 5.) The magistrate judge further concluded that "other than checking th[e] box" alleging jurisdiction, plaintiff made no mention of civil rights or another ground to invoke subject-matter jurisdiction, and ordered plaintiff to show cause in writing on or by September 23, 2019, why the case should not be dismissed for lack of subject-matter

-1-

jurisdiction. (*Id.* at 6.) Plaintiff did not show cause by the required date, and the court dismissed on September 25, 2019. (Doc. 6.)

Plaintiff filed his Motion for Review on September 26, 2019. (Doc. 7.) Plaintiff makes three[1] objections and further states that he received the magistrate judge's order on September 13, 2019. (*Id.*) Plaintiff (1) states that he was declared disabled and began receiving Social Security benefit pay prior to the events alleged in the complaint; (2) states that he believes defendant violated the Americans with Disabilities Act ("ADA"); and (3) provides the dates of September 6, 2017 and September 7, 2017, further stating that he has names and other dates. (*Id.*)

## II. LEGAL STANDARDS

The court construes pro se plaintiff's filings liberally, but does not assume the role of an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Within 14 days after being served with a copy of the magistrate judge's recommended disposition, a party may file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b). The district judge must determine de novo any part of the magistrate judge's disposition where properly objected to, and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996).

## III. DISCUSSION

At the outset, the court notes that plaintiff's motion is timely despite being filed beyond the apparent 14-day deadline. The magistrate judge's order, entered on September 9, 2017, was served upon plaintiff by certified mail. Due to the three-day extension afforded "[w]hen a party may or must

---

[1] Plaintiff actually lists six written objections, but only three arguably respond to the show-cause order. The third objection restates the complaint's allegations of medical negligence and abuse; the fifth objection states that plaintiff mentioned specific acts of abuse in his complaint; and the sixth objection is a request to confer with the presiding judge. Accordingly, the court addresses plaintiff's remaining objections to the extent they may be construed as responsive to any part of the magistrate judge's disposition.

act within a specified time after being served and service is made by [mail]," plaintiff's objection is timely. Fed. R. Civ. P. 6(d); *see Snyder v. Snyder*, No. 97-1081, 1998 WL 58175, at*2 (10th Cir. Feb. 11, 1998) (citing *Lerro v. Quaker Oats Co.*, 84 F.3d 239, 241–42 (7th Cir. 1996)).

Read liberally, plaintiff's three objections apply to the magistrate judge's recommendation that the court dismiss this action for lack of subject-matter jurisdiction. The court reviews de novo the magistrate judge's conclusions and recommendations as to jurisdiction.

On the civil complaint form, plaintiff alleges jurisdiction based on (1) diversity, (2) civil rights violations under 28 U.S.C. § 1343, and (3) other grounds. (Doc. 1, at 2–3.) For diversity jurisdiction, plaintiff states he is a citizen of Kansas and defendant is a corporation incorporated under the laws of Kansas. (*Id.* at 2.) For jurisdiction based on other grounds, plaintiff alleges: medical malpractice; sexual abuse; mistreatment; and physical and emotional medical neglect. (*Id.* at 3.) Although the jurisdiction section for "other grounds" asks plaintiff to "specify and state any statute which gives rise to such grounds," plaintiff recites common law actions for personal injury without reference to any state or federal law. (*Id.*)

Accordingly, while a review of the complaint clearly suggests an action for personal injury, plaintiff's allegations do not show the court that it has subject-matter jurisdiction. Plaintiff alleges diversity jurisdiction, but also that both he and defendant are citizens of Kansas. If true, then as recognized by the magistrate judge, the court does not have jurisdiction under 28 U.S.C. § 1332. Similarly, while plaintiff has checked the form's box for jurisdiction based on "other grounds," his recitation of common law claims does not show the court which statute or statutes plaintiff intends to invoke for jurisdiction. This leaves the court with plaintiff's final allegation of 28 U.S.C. § 1343: jurisdiction based on a civil-rights violation.

Plaintiff's objections, even if accepted, do not cure the complaint's inadequate allegations of civil-rights jurisdiction. Although plaintiff's objections may be liberally read as stating that he is disabled and that he bases his original claim on the ADA, plaintiff does not identify a civil right violated by defendant or its staff. While plaintiff may allege a state-law claim for medical negligence, his invocation of the ADA and his disabled status do not show the court that it has jurisdiction over this action.

Because the magistrate judge made no error in his original recommendation, and plaintiff's objections do not cure the complaint's inadequate allegations of subject-matter jurisdiction, the court overrules plaintiff's objections.

**IT IS THEREFORE ORDERED** that plaintiff's objections to the magistrate judge's order are overruled. Plaintiff's Motion for Review (Doc. 7) is denied.

Dated this 10th day of December, 2019, at Kansas City, Kansas.

                                                                s/ Carlos Murguia
                                                                **CARLOS MURGUIA**
                                                                 **United States District Judge**